Case No. 241126, Horace Crump v. Jane Blue, et al., argument not to exceed 15 minutes per side. Mr. Logan Page, you may proceed for the appellant. Thank you. Mr. Page, I take it you're not reserving any time for rebuttal?  May it please the Court, Logan Page for the appellant. Your Honors, this case involves a simple legal issue that gives Crump modest relief. The Prison Litigation Reform Act's three-strikes rule denies IFP privileges to prisoners who have had three or more past civil actions dismissed in their entirety for frivolousness, maliciousness, or failure to state a claim. None of those bases is jurisdictional. As a result, the Court below erred when it concluded that Crump v. Patrick, a mixed dismissal in part for declination of supplemental jurisdiction, was a PLRA strike. That conclusion is necessary to the decision below, which must be reversed. That reversal gives Crump only modest relief. He will not be released from prison. His criminal sentence will not be shortened. His complaint in this case will not even be served on the defendants. Instead, the first order of business on remand is for the District Court to simply assess his IFP petition on its merits. Even if that petition is granted... Would the District Court be able to reconsider the strikes analysis? Because there are a number of other filings that the Magistrate Judge didn't rely on. No, Your Honor, the District Court will not. Functionally, what happens in the 1915G context is that the District Court bears the burden of production on its own motion, and it is not the case that that kind of production can be resupplemented below. The best way to think about this is a Supreme Court case called Wisegram, where the plaintiffs at trial put in an expert report to support a jury verdict. On appeal, that verdict was thrown out because the expert report was doberted, and the case was remanded with instructions to dismiss. So no, the District Court will not be able to reconsider its three strikes analysis. So I don't... That fact pattern is obviously very different than the fact pattern here. So are there circuit cases... Do we have circuit cases saying that the District Court can't redo this analysis, or... There... Some, Your Honor. Yes. In Thompson, the D.C. Circuit is very clear that the burden of production rests with the District Court, and then that's a D.C. Circuit opinion, and I want to point the Court to two others. Tolbert v. Stevenson in the Fourth Circuit, and I'm not certain that that is cited in our brief or anything, but Four Star, the D.C. Circuit case authored by now Justice Kavanaugh, is cited throughout our brief. In both of those cases, the decrital language explains that it would... That the District Court may not redo the analysis under 1915 G. Below. So Tolbert from the Fourth Circuit, and Four Star from the D.C. Circuit. So no case from this circuit. So at least this... So we've drilled down... So this circuit is an open question.  Do those cases address the difference between claims already considered, or strikes already considered versus potential strikes that weren't considered the first time around? In other words, there's one case, is it Wynne? Wynne, which I think had been used before as a strike in other circumstances, but wasn't used here? I'm not certain about Wynne, Your Honor, but yes, in other circuits, it is kind of law of the case that the District Court does not get to redo. It's 1915 G analysis. Even as to...  So like in Maury and Katie, Wynne was used as a strike. Now I don't think the case came... I don't know that we heard it or said anything, but... So you're saying even as to... I can see a distinction between Patrick, the ones you're presenting today, and the others that weren't considered. You're saying none of them... None of them can be considered by the magistrate. That's how other circuits treat this issue, and it would open up a circuit split in order to allow the District Court to redo that. And I think that if you think about the PLRA a little bit more broadly, one of the purposes of the statute is judicial economy, and to have a prisoner complaint, and Mr. Crump has some meritorious claims here. This is not... I think it would be very difficult to see this as a frivolous filing. For a prisoner complaint to get stuck kind of yo-yoing between the District Court and the Court of Appeals, and the District Court and the Court of Appeals, to continue to redo the three-strikes analysis under 1915G, would work against the purposes of the statute, to that extent. Your point would be the magistrate has to run through seven or eight or nine possibilities, as opposed to picking out the... They think of the two best or three best, and then, you know, so it's a lot more work on the District Court to do the belt and suspender stuff up front. I appreciate your point, I guess, but in terms of efficiency, there's also the sort of workload on the magistrate or District Court in the... Perhaps, Your Honor, but there's no limit on the number of cases that the magistrate can put forward to satisfy the three-strikes rule. The court can list six dispositions, seven dispositions... That's a lot of work to do that, if they're going to flush them out, or... To analyze each... It would be... Sometimes it takes work, Your Honor, I think, to apply the statute as it's written, as Congress wanted it to be kind of put into effect. The Congress is clear here that a mixed dismissal, such as Crump v. Patrick, is not a PLRA strike, and it is not too much to ask the District Courts, I think, to simply review a litigant's litigation history and identify strike cases from that. I also want to note that the Prison Litigation Reform Act does not displace kind of the common law authority that courts have to police their own dockets, so in lieu of doing the three-strikes analysis under 1915G, District Courts also have the opportunity to impose a pre-filing injunction. The Supreme Court has blessed this practice, and we cite N. Ray Anderson in our brief, but there is a line of cases, including N. Ray Sinram and N. Ray McDonald. This court has published authority allowing District Courts to impose such pre-filing injunctions. That's Horton v. Thomas. Even if 1915G is inapplicable to a particular serial litigant, there's nothing stopping the District Court from imposing a pre-filing injunction on that person, which would prevent them from abusing the IFP privilege going forward, even if they have several filings but there are fewer than three PLRA strikes. Do you want to move on to the actual strikes before us? Yes, Your Honor, happily. Crump v. Patrick is not a PLRA strike. I would take this in three steps. I would determine what the disposition was in Crump v. Patrick. I would determine whether or not that disposition meets the standards set out in 1915G, and then I would do a gut check and say, has any other court considered this question and what conclusion have they reached? Under Crump v. Patrick, if you turn to page 11 of the appendix we provided the court, this is Crump's complaint. You will see there that he pleaded claims for intentional infliction of emotional distress as well as negligence. Those are both torts cognizable under Michigan law. If you turn to page 33 of the appendix that we provided to the court, that's the opinion resolving dismissing the complaint in Crump v. Patrick. The first several pages of that take care of the federal claims, and they do so by making a 12B6 determination that they have failed to state a claim for relief that may be granted. But as to the state law claims, and the court is unequivocal about this, it says this court declines jurisdiction over those, and so those have been dismissed in part for declination of supplemental jurisdiction. In Crump v. Patrick, there's a mixed dismissal, in part for failure to state a claim, and in part for declination of supplemental jurisdiction. If you turn to 1915G, that is not the kind of civil action for which 1915G assesses strikes. 1915G refers to civil actions, and a civil action can include more than one complaint. I think that this is seen all in the statutory text and considered dicta from the Supreme Court and by reference to the federal rules. If you look at the statutory text, Section 28 U.S.C. 1915 is the statute, and then subsection 1915G, the immediately following statutory section, 28 U.S.C. 1915 Cap A, imposes the screening duty on district courts. If you look at how Congress sets up the screening duty, it requires district courts to dismiss complaints or portions of a complaint, and that contrast between complaints or portions of a complaint and civil actions in the immediately preceding subsection should be given effect. The Supreme Court has also, when considered dicta, weighed in on this topic. In footnote four of its list... Thank you. So is it the case that in every prisoner of civil rights complaint, so long as there's one state claim attached to a bunch of federal claims, and so long as the state claim, there's no assertion of supplemental jurisdiction, that never counts as a strike? That's the statute Congress wrote, Your Honor, yes. And so the smart, savvy inmate just always attached to the state claim, district judges rarely exercise supplemental jurisdiction, and they always get around this... I mean, I appreciate your point, but practically, this is the effect of the rule you're advocating. I don't think so, Your Honor. Strike proofing has come up in multiple kind of circuit court cases looking at this, and for my part, I can't find any court of appeals that puts any weight on that concern, and I can't find any academic literature that says that this is even an uncommon practice among incarcerated pro se civil rights litigants. What's not uncommon for them to... What they're doing here... What he's doing here is probably... Do you think this is common or uncommon? The concern would be that this is common. I'm representing to the court that I can't even find something that says it's uncommon. There's just no evidence that incarcerated pro se civil rights litigants attach state court claims to their filings in order to avoid three strike assessments. Do you think the rule is that if they do... Quite likely that if they do, the case is not, in the end, going to count as a strike? Just a practical... I don't know if it's a legal problem. You might be right on the text. It just struck me as a sort of odd aspect to this case and other cases, potentially. Sure. Again, you can't strike proof your complaint because the district court can always exercise that jurisdiction over the state law claims, and it's not the... It's really like they rarely do. I think that's right, Your Honor, but I think that courts that are trying to jealously guard their dockets, their judicial resources, due fairness to the other parties that aren't abusing IFP privileges before them might. I think it just takes some guidance from the courts of appeals to start that practice. Whether or not to... We should, in this opinion, we should instruct the district courts to look more closely at tag-along state claims for strike purposes, at least. I think so, Your Honor. I think that'd be totally appropriate. If you were in the 9th Circuit, you'd be joining the 9th Circuit, which does that in the Harris opinion, and you'd be joining the D.C. Circuit in the Forstar opinion, which has also flagged this as a concern for district courts. I want to return a little bit to the statutory text, excuse me, other arguments about why civil action should be given effect in 1915G. One reason is that the federal rules distinguish between civil actions and complaints. I think we understand your textual argument. Moving to the Armstrong case and immunity, is your argument overall that if a claim is dismissed under 12b.1, like a sovereign immunity claim like in Armstrong, that it can't be frivolous because it's not a merits determination, or if the district court had said in the Armstrong case or in these previous strikes that they said, and this is frivolous because there's clearly no federal jurisdiction over this, would that count as a strike? It could. You can both dismiss a complaint for 12b.1 and say that the assertion of jurisdiction as to those claims was frivolous. Yes, Your Honor. It's just your position in this instance that that wasn't the case. Yes, that there's no evidence in Armstrong, in the opinion, in the order, or the judgment that there was an assessment of frivolousness in that case. I want to pivot quickly to, Your Honor, one reason that this case should be reversed and not vacated is that Crump qualifies for the imminent danger exception. I thought we were going to talk more about Armstrong.  You addressed it with Armstrong, right? Yeah, I did. Yeah, so in Armstrong, there's this language about dismissing the case because it's barred under the 11th Amendment, but then there's a sentence that says, in addition to the state of Michigan, acting through MDOC is not a person who may be sued under Section 1983 for money damages. Isn't that a dismissal for a failure to state a claim if you've sued someone who's not actionable under the statute, different than the 11th Amendment analysis? It's complicated, Your Honor, and district courts do continue to confuse 12b.1 dismissals for 11th Amendment purposes, sovereign immunity and the like, with 12b.6 dismissals for failure to state a claim. I would point you to the Ninth Circuit's decision in Moravie, Maricopa County. There the court is similarly trying to figure out, is this a dismissal for lack of subject matter jurisdiction, or is it a dismissal for failure to state a claim? And where you have kind of this competing decrital language, basically, once there has been a finding that there is no jurisdiction, then you can't do the 12b.6 analysis, and it's kind of stripped out of the district court's opinion. In the 11th Amendment context, don't we have cases that go to the merits sometimes, and 11th Amendment sort of skip over the jurisdictional? Question, I think we have one from Judge Sutton, but I have to go back and look at my notes. Perhaps if you meet the younger exception, or you have something else in. The 11th Amendment, I believe, strips the court of jurisdiction entirely, and it's only an exception that gets you back into federal court for injunctive relief. Your point's going to be that the court can't reach the merits because it's already reached a jurisdictional dismissal. Yes. Because it does sort of do both. Yes, Your Honor, it does sort of do both, but it does one first, and that's the one that's controlling, I would say. I would submit that. And I think that if you, this is not a novel position. You don't have to take my word for it that jurisdictional dismissals do not, dismissals in part for lack of jurisdiction are not PLRA strikes. The 2nd, 4th, 7th, 9th, 11th, and D.C. circuits all have cases that say as much. Turning quickly to the imminent danger exception, because it sounds like that may be the only basis for which reversal is possible, not vacater, I want to point the court to an unpublished order, three pages, but it crisply synthesizes why Crump's injuries are sufficiently serious under Gresham, sufficiently imminent under Van Diver. That case is Ryan v. Robert Cotton Correctional Facility. It's available on Westlaw at 2020 WL-925-8300. Judge Radler, you were on the panel that issued this order, and can I just go a few seconds over, Your Honors? The court wrote there that untreated or inadequately treated chronic medical conditions satisfy the imminent danger exception. My time has expired, Your Honors, if there are other questions. I would note that in Ryan, the condition of the prisoner appellant is significantly better than the condition of Crump in this case. The prisoner there suffers from muscle weakness, neck pain, bulging discs, and other chronic conditions that are not included in the opinion. Crump here, meanwhile, suffers from multiple sclerosis. He suffers seizures that are so severe he sometimes needs CPR for his heart to be restarted. He is in a situation where he has medical accommodations such that he must be housed in a bottom bunk, presumably because he cannot reliably get himself to a top bunk. He has an assistance with movement accommodation, and the facility has issued him a cane and a walker. He has, at some point in the interim between November 13th and December 20th, prison staff threatened him with a transfer out of the special needs unit altogether. For those reasons, I would say that the complaint meets the imminent danger exception. Bringing you back to the immunity point, just one more question, and you were responding to Judge Riedler here about what you do when you have a 12b1 and a 12b6. So if a district court were to say, you know, this has to be dismissed on sovereign immunity grounds, we're going on 12b1, and it's frivolous nonetheless, we just disregard that? No, you could. I think... And it's frivolous on the merits, nonetheless. I think that frivolousness and maliciousness work a little bit like ancillary matters, something that when you've lost jurisdiction... So it can be tagged on and then count in under subsection G. Yes, Your Honor, because, and I would point you to Nike v. Williams. This is the Supreme Court decision from 1989 that's also under the PLRA statute. It's not cited in our brief, but the court is expressly clear there that a dismissal for 12b6 can also be dismissed for frivolousness. It doesn't quite get to the jurisdictional issue, but I think it shows that these different 1915 G grounds overlap with each other. Hearing no further questions. Thank you very much. Thank you, Your Honor. Thank you for your argument, and the case will be submitted.